# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARMANDO B. CORTINAS, JR.,

    Petitioner,

v.

JO GENTRY, et al.

    Respondents.

3:10-CV-00439-LRH-RAM

**ORDER**

Petitioner initiated this action on July 16, 2010, by filing a *pro se* document entitled "Application For Certificate of Appealability." (ECF No. 1). The court's internal docketing notes of October 26, 2010, reflect that, following review the application, the court intended to send petitioner a letter requesting a case number related to his application. Internal docketing notes further reflect that on November 1, 2010, the clerk's office sent petitioner a letter along with a habeas form.

More than four years later, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was assigned Case Number 2:14-cv-01549-RFB-CWH. Following a motion to dismiss by the respondents in 2:14-cv-01549-RFB-CWH, the court in that case appointed the Federal Public Defender to represent petitioner and ordered the FPD to file an amended petition no later than March 22, 2017. Instead of filing an amended petition, the FPD moved to stay 2:14-cv-01549-RFB-CWH on the grounds that petitioner's claims should be litigated in the instant, earlier filed action. The FPD then filed in this case a request to be

///

appointed to represent petitioner (ECF No. 4), a motion for leave to file an amended petition (ECF No. 5), an amended petition (ECF No. 6), and other miscellaneous motions.

In the motion for leave to amend, petitioner argues that there is a chance the court in Case Number 2:14-cv-01549-RFB-CWH will find his 2014 petition untimely and that he would be better served by litigating his claims in this case instead. Petitioner's motion relies primarily on an argument that any amended petition in this case would relate back to his 2010 filing. However, in the event that argument does not carry the day, petitioner argues that the court should order his amended petition filed *nunc pro tunc* to a timely date to "right its wrong." Additionally, petitioner has a potential equitable tolling argument. Neither of these arguments has been fully developed in the pleadings before the court – the former in fact was raised for the first time in the reply. The court finds that, in order to determine the motion for leave to amend, it requires supplemental briefing on those issues.

IT IS THEREFORE ORDERED that petitioner shall file a supplemental brief setting forth all arguments and evidence he has – other than those arguments already raised – as to why and for what period of time he should be entitled to equitable tolling in this case and why the manner in which the court handled his original filing entitles him to the relief he requests. Petitioner shall file said supplemental brief within forty-five days of the date of this order. Respondents shall file any response within thirty days of service of the supplemental brief. The court will defer ruling on the motion for leave to amend (ECF No. 5) and the motion for *in forma pauperis* status (ECF No. 22) until after it has received and considered the petitioner's supplemental brief and the response thereto.

IT FURTHER IS ORDERED that, given petitioner's inability to afford counsel (*see* ECF No. 22) and in the interests of justice, the FPD's request to be appointed to represent petitioner in this case (ECF No. 4) is GRANTED. The FPD will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

///

///

1     IT IS FURTHER ORDERED that petitioner's motion to seal (ECF No. 15) is GRANTED. Petitioner is granted leave to file Exhibits 127A, 127B, 127C and 127D (ECF Nos. 16 & 17) to the amended petition under seal. The court finds, in accordance with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), that a compelling need to protect petitioner's sensitive personal information contained in the sealed exhibits outweighs the public interest in open access to court records.

    Finally, petitioner's motion to partially waive Local Rule IA 10-3(e) to the extent it requires descriptors of each exhibit on its cover sheet (ECF No. 18) is GRANTED.

DATED this 30th day of October, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE