UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ARMANDO B. CORTINAS, JR.,

Petitioner,

v.

JO GENTRY, *et al.*,

Respondents.

Case No. 3:10-cv-00439-LRH-WGC

ORDER

This closed habeas matter comes before the Court on the petitioner's motion, through appointed counsel, for leave to file an amended petition (ECF No. 5) and application to proceed *in forma pauperis* (ECF No. 22). Respondents filed an opposition to the motion to amend (ECF No. 20), and petitioner replied (ECF No. 21). On October 30, 2017, the Court ordered the parties to file supplemental briefing. (ECF No. 23). Petitioner filed his supplemental brief on March 14, 2018 (ECF No. 30), and the respondents filed a responding brief on June 5, 2018 (ECF No. 37).

Petitioner initiated this action on July 13, 2010, by filing a *pro se* document entitled "Application for Certificate of Appealability." (ECF No. 1). An internal docketing note of October 26, 2010, indicated that petitioner's filing appeared to be a motion for a certificate of appealability, but that no case for petitioner could be located in this court or several other courts. The note further indicated that the Clerk's Office would send petitioner a letter "requesting a case number." On November 1, 2010, the Clerk closed the civil case and sent petitioner a letter with habeas corpus forms attached. Neither the Court nor the

1

Clerk's Office has retained a copy of the letters sent to petitioner, and the docketing notes do not reflect what was stated therein.

Nearly four years later, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was assigned Case Number 2:14-cv-01549-RFB-CWH. The court in that case appointed the Federal Public Defender to represent petitioner and ordered the FPD to file an amended petition no later than March 22, 2017. Instead of filing an amended petition, the FPD moved to stay 2:14-cv-01549-RFB-CWH on the grounds that petitioner's claims should be litigated in the instant, earlier filed action. The FPD then filed in this case a request to be appointed to represent petitioner, which the Court granted, as well as the instant motion for leave to file an amended petition (ECF No. 5), an amended petition (ECF No. 6), and the pauper application (ECF No. 22).

Following review of both cases, the assigned judges determined that consolidation of the actions was appropriate. On July 13, 2018, Case No. 2:14-cv-01549-RFB-CWH was consolidated into this case, with this case as the base case. Accordingly, this case now contains both the 2010 "Application" and petitioner's 2014 § 2254 petition.

Petitioner's 2010 "Application" is not clearly a § 2254 petition and contains no claims. Petitioner's 2014 petition is indisputably untimely on its face.[1] Thus, in order to avoid dismissal of his federal habeas action, petitioner asks the Court to reopen this case, construe his 2010 "Application" as a § 2254 petition, and allow him to amend it. Alternatively, petitioner asks the Court to either deem his proposed amended petition filed *nunc pro tunc* to July 13, 2010 -- the date he dispatched his "application" for filing -- or grant him equitable tolling from the time he filed his application until September 14, 2014 -- the date he dispatched his § 2254 habeas petition for filing in Case No. 2:14-cv-1549-LRH-WGC. (*See* ECF No. 4 in Case No. 2:14-cv-1549-LRH-WGC).

---

[1] The conviction petitioner challenges became final on October 13, 2009, the date the United States Supreme Court denied his petition for writ of certiorari. (Ex. 161) (exhibits cited in this order are located at ECF Nos. 7-14 in Case No. 3:10-cv-439-LRH-WGC). The statute of limitations began to run the following day. The limitations period was tolled during the pendency of petitioner's timely filed state habeas petition, from January 9, 2010, the date the petition was filed, until August 13, 2010, the date the time for filing a notice of appeal expired. (Exs. 163 & 171). It began running again on August 14, 2010, and absent another basis for tolling, expired in May 2011.

2

This action was never formally closed by any court order and may therefore be reopened. *See Dees v Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005). However, even construing the "Application for Certificate of Appealability" as a § 2254 petition, there are no allegations in the original petition to which the untimely amended petition could relate back. The Court is not persuaded by petitioner's argument that the application incorporates by reference his entire state habeas petition, as the petition is not attached to the filing. *See Lewis v. Nevada*, 692 Fed. App'x 353, 355 (9th Cir. 2017) (unpublished disposition). Amendment of the petition filed on July 16, 2010, would therefore be futile, and the request to do so will be denied.

The Court does not address petitioner's first alternative request– that the Court deem the amended petition filed *nunc pro tunc* on July 13, 2010 – because under the circumstances of this case petitioner is entitled to equitable tolling to the filing of his September 2014 petition.

A petitioner can establish an entitlement to equitable tolling under certain, very limited circumstances. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

"[E]quitable tolling might well be appropriate" if "the petitioner is affirmatively misled, either by the court or by the State." *Brambles v. Duncan*, 412 F.3d 1066, 1070

(9th Cir. 2005) (citing *Pliler v. Ford*, 542 U.S. 225, 235 (2004) (O'Connor, J., concurring)); *see also Rudin v. Myles*, 781 F.3d 1043, 1058 n.19 (9th Cir. 2014). The Ninth Circuit has found equitable tolling appropriate where the petitioner was misled into believing that an amended petition would be timely by the court's granting of extensions to file the amended petition. *Sossa v. Diaz*, 729 F.3d 1225, 1233-35 (9th Cir. 2013). It has also found equitable tolling appropriate when the district court improperly rejected a petition for filing and lost the body of the original petition. *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002). The Ninth Circuit has also held that equitable tolling is appropriate where the court, in receipt of an ambiguous filing from the petitioner that contained no claims, took no action on the petition for more than a year, thereby preventing the petitioner from timely filing a sufficient petition. *See Lewis v. Nevada*, 692 Fed. App'x 353, 354 (9th Cir. 2017).

Here, petitioner filed what is an ambiguous document. While it cites 28 U.S.C. § 2254, it is captioned "Application for Certificate of Appealability" and references a denial of a post-conviction petition in an unidentified court. Nevertheless, in response to this filing, the Clerk's Office sent petitioner a letter indicating that his papers had been received and assigned a case number.[2] (ECF No. 2). The letter further stated:

> Your case has been submitted for review and action by a judicial officer. Due to this court's extremely heavy case load this review process may take several weeks. You will be notified as soon as further action has been taken and you will receive a copy of all orders filed in this case.

(*Id.*) From that point, it is unclear what exactly petitioner received from the Court. The action was closed without a written order or judgment. The Clerk's Office mailed petitioner two letters, but the content of those letters is unknown. Without knowing what was stated in the correspondence sent to petitioner, the Court cannot with any certainty conclude that petitioner was advised that his filing was deficient or that the Court had closed the action.[3] Because the Court has not maintained a copy of its letters to petitioner and the

---

[2] Petitioner has evidence that he received this letter. (ECF No. 32 (Ex. 194)).

[3] Whether petitioner received one or both letters is unnecessary to decide because the Court presumes that petitioner was not advised of the deficiencies in his petition or told his case was closed in either letter. However, if the Court were to decide the issue, there is no evidence to controvert petitioner's contention that he never received the Clerk's letters.

4

docket notes do not reflect what was contained in the letters, the Court draws an inference in petitioner's favor and concludes that neither letter advised petitioner of the deficiencies in his application or that his case had been closed. The Court's failure to notify petitioner that his filing was deficient and that it had closed his case affirmatively misled petitioner into believing he had a § 2254 petition pending. This is an extraordinary circumstance that stood in the way of petitioner timely submitting a proper § 2254 petition containing claims for relief.[4]

The Court further concludes that petitioner diligently pursued his rights. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). Petitioner was informed that the Court had received his papers, that his case had been assigned a number, that it would take the Court some time to look at his papers, and that he would receive a copy of the Court's orders. Petitioner inquired into the status of his case three months later. As discussed, whatever petitioner received in response to that inquiry, if anything, the Court assumes that it did not alert him to the deficiencies in his application or advise him that his case had been closed. Petitioner thereafter, reasonably, waited for a court order in his case. When none had come four years later – not even a screening order -- he filed another federal habeas petition, perhaps concluding (reasonably) that nothing was ever going to happen in the first case. Nearly four years elapsed from the time of his status request to the filing of the 2014 habeas petition, but petitioner was pursuing a state court motion for post-conviction relief for eight months of that time. (*See* Exs. 173 & 185). In total, petitioner took no action toward pursuing his rights for a period of more than three years. This time period is not significantly more than what the Ninth Circuit has previously found a reasonable time to wait for a court decision. *See Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001) (holding that twenty-one months is "not an unusually long time to wait for a court's decision"). In view of the particular

---

[4] Certainly, petitioner had ample time remaining in his federal statute of limitations to correct the deficiencies at the time the Court closed his case.

5

circumstances of this case, including the affirmative representation to petitioner that he had an open case, that it would take some time to look at his papers, and that he would receive any orders filed in his case, the Court concludes that petitioner was reasonably diligent in pursuing his rights.

The Court is not persuaded by respondents' argument that petitioner did not actually intend to file a § 2254 petition but instead was attempting to appeal the denial of his state post-conviction habeas petition. The application expressly cites and discusses at some length federal habeas corpus law, including § 2254. Moreover, petitioner's October 8, 2010, letter requesting the status of his case certainly suggests that petitioner believed he had a pending habeas case in this court. It stated: "I would like to know the status of the papers that I sent in July. I would like to know since my 1 year is up, on 10-12-2010, and if the Court does not rule after the date in question will this effect [sic] my chances to file in the Ninth Circuit." (ECF No. 3). The references to "1-year" -- the federal statute of limitations -- and an appeal to the Ninth Circuit are indications that petitioner believed he had filed a habeas petition in the U.S. District Court. That petitioner represented in his 2014 petition that it was his first federal petition is not a compelling factor, either. As discussed, a likely reason that petitioner filed another habeas petition was a realization that nothing was ever going to happen on his first.

The Court will therefore grant petitioner equitable tolling to the filing of his 2014 petition and the 2014 petition will be considered timely. The Court will grant petitioner's motion for leave to file an amended petition (ECF No. 5) and the amended petition in this case will be the operative petition. By granting petitioner's motion to amend his petition, the Court makes no finding or representation that the amended petition and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

In accordance with the foregoing, IT IS THEREFORE ORDERED that the Clerk of Court shall REOPEN this action.

///

IT IS FURTHER ORDERED that all filings in these consolidated cases shall be in the base case, Case No. 3:10-cv-00439-LRH-WGC, and shall bear Case No. 3:10-cv-00439-LRH-WGC.

IT IS FURTHER ORDERED that petitioner's motion to amend (ECF No. 5) is GRANTED IN PART and the amended petition filed on March 22, 2017 (ECF No. 6) will be the operative petition in this case. The amended petition is deemed to amend the petitioner's September 14, 2014, petition, which the Court hereby deems a timely petition pursuant to the application of equitable tolling.

IT IS FURTHER ORDERED that petitioner's application for leave to proceed *in forma pauperis* (ECF No. 22) is GRANTED, and petitioner will not be required to pay the filing fee in this case.

IT IS FURTHER ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of the date of entry of this order and that petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623 24 (9th Cir. 2005). In short, no procedural defenses,

including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

IT IS SO ORDERED.

DATED this 17th day of July, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE